IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREG M. SENA,

      Plaintiff,

vs.                                                        No. CV 17-00890 MCA/SMV

DREW D. TATUM, DONNA J. MOWRER,
MARNA N. PYLE-TRAMMELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Greg M. Sena on August 29, 2017 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint, with prejudice, based on immunity, failure to state a claim, and the *Heck* doctrine.

## I. Factual and Procedural Background

Plaintiff Greg M. Sena is a prisoner in New Mexico state custody and incarcerated at the Northwestern New Mexico Correctional Facility. (Doc. 1 at 1). Although Sena's Complaint arises out of his New Mexico state criminal prosecutions and convictions, he does not identify the state court proceedings in his Complaint. However, the Court has reviewed the official record in Sena's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the records in Sena's criminal cases, State of New Mexico, County of Roosevelt, Ninth Judicial District case nos. D-911-CR-2009-00152, D-911-CR-2010-00011, and D-911-CR-2010-00119 . *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed

records in other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

Sena was charged with multiple felony crimes in 2009 and 2010. He pled guilty to possession of a controlled substance, battery on a police officer, aggravated driving while intoxicated, aggravated battery against a household member, false imprisonment, attempted abuse of a child, and being a habitual offender. The Court sentenced him to a total of 12 ½ years of incarceration. *See* cause nos. D-911-CR-2009-00152, D-911-CR-2010-00011, and D-911-CR-2010-00119.

Sena filed his Complaint under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 on August 29, 2017. (Doc. 1). His Complaint names District Judge Drew D. Tatum and District Attorney Donna J. Mowrer as Defendants. (Doc. 1 at 1-2). Sena alleges:

> "Claim 1: Due Process Violations throughout all of the courts proceedings; Multiple other Constitution violations
> Claim 2: Use of false information (evidence) in a criminal conviction
> Claim 3: Double Jeopardy prohibits increase in defendant sentence when legitimatly expectation of finality has attached to sentence"

(Doc. 1 at 9). Sena also lists Marna N. Pyle-Trammell as a Defendant in the case caption, but does not identify her role or make any allegations against her in the body of the Complaint. (Doc. 1 at 1). However, court records indicate she was criminal defense counsel for Sena in the criminal proceedings. *See* D-911-CR-2009-00152, D-911-CR-2010-00011, and D-911-CR-2010-00119. Sena seeks to vacate his state criminal sentence, be returned to his place of residence, and be awarded "$1,800 for everyday that I was incarcerated illegally." (Doc. 1 at 9).

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Sena is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials

filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Plaintiff's Complaint Fails to State a Claim for Relief

**A. Plaintiff's Claims are Barred by Judicial and Prosecutorial Immunity:**

Civil rights and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

Sena names state District Judge Drew Tatum as a Defendant. (Doc. 1 at 1). Although he does not specifically identify any acts on the part of the Judge, his claims are in the nature of claims against the Court acting in its judicial capacity. (Doc. 1 at 1-2). The claims against the Court for performance of judicial functions are barred by absolute judicial immunity. *Van Sickle,* 791 F.2d at 1434–35.

Similarly, Sena does not allege any specific conduct on the part of District Attorney Donna Mowrer. However, because he alleges violation of his constitutional rights by an illegal sentence, any claims against the District Attorney would be for activities intimately associated with the judicial phase of the criminal process. All claims against District Attorney Mowrer are barred by prosecutorial immunity. *Imbler,* 424 U.S. at 430.

### B. The Complaint Fails to State a Section 1983 Claim:

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Although Sena makes generalized allegations that his criminal sentence violates the Constitution, the Complaint also does not identify any personal involvement by any identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff Sena may not proceed in the absence of allegations of individual action by named officials resulting in a constitutional violation. Even if his claims against Defendants Tatum and Mowrer were not barred by immunity, his Complaint fails to state a § 1983 claim for relief against either Defendant. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, (2009).

Nor does the Complaint make any allegation of any conduct on the part of Defendant

Pyle-Trammell or state any plausible claim against her. *Fogarty,* 523 F.3d at 1162 Moreover, if the Complaint did assert factual allegations against Pyle-Trammell, if she was acting as defense counsel, the Complaint would not state any claim against her. The U.S. Supreme Court has held that defense counsel cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Criminal defense counsel does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. Because the Complaint alleges only constitutional violations in connection with the criminal proceedings, the Complaint fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

### C. All Claims are Barred by *Heck v. Humphry*:

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

All of the claims alleged in Sena's Complaint are attacks on the validity of his criminal sentence. (Doc. 1 at 2, 7-9). Plaintiff's request for relief specifically asks the Court to "Vacate Sentence." (Doc. 1 at 9). His request clearly necessitates the invalidation of his sentence.

7

*Wilkinson v. Dotson,* 544 U.S. at 80-81.  Because a favorable ruling on Sena's claims would require treating his sentence in D-911-CR-2009-00152, D-911-CR-2010-00011, and D-911-CR-2010-00119 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine*.  See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against the Judge, the prosecutor, or defense counsel, all claims against all Defendants are barred by *Heck*.  *Wilkinson v. Dotson,* 544 U.S. at 80-81.  The Complaint will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Beck,* 195 F.3d at 556–57.

## IV. **The Court Will Not Grant Leave to Amend**

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will dismiss the Plaintiff's Complaint without leave to amend.  The Court determines that amendment of the Complaint would be futile. Any amendment to Sena's claims would still be barred by immunity or under the *Heck* doctrine. Therefore, any amended claims would be subject to immediate dismissal. *Bradley v. Val-Mejias,* 379 F.3d at 901. Amendment would be futile and the Court will dismiss without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Greg M. Sena on August 29, 2017 (Doc. 1) is **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

                                                  M. CHRISTINA ARMIJO
                                                  United States District Judge